**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4466**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL ANDREW COPELAND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:07-cr-00152-RBS-TEM-1)

Submitted: March 28, 2019                                    Decided: April 5, 2019

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Suzanne V. Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Andrew Copeland appeals the district court's order revoking his supervised release and imposing a sentence of 12 months of imprisonment, followed by 24 months of supervised release. He contends that his sentence is plainly unreasonable because the district court relied on improper statutory factors in imposing imprisonment and because the court failed to calculate the Sentencing Guidelines range for additional supervised release or to explain its reasons for imposing a 24-month term of additional supervised release. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). In examining a revocation sentence, we take "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *Id.* at 207 (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Slappy*, 872 F.3d at 207 (internal quotation marks omitted). Under this standard, we first consider whether the sentence is procedurally or substantively unreasonable. *Id.* If a sentence is unreasonable, we then consider whether it was plainly so. *Id.* at 208.

2

In determining a sentence of imprisonment after revoking a defendant's supervised release, a district court must consider the policy statements contained in Chapter Seven of the Sentencing Guidelines as well as the applicable statutory factors set forth in 18 U.S.C. §§ 3553(a), 3583(e) (2012). *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). In particular, a court should consider the factors enumerated in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). "Absent from these enumerated factors is § 3553(a)(2)(A), which requires district courts to consider the need for the imposed sentence 'to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Webb*, 738 F.3d at 641 (quoting § 3553(a)(2)(A)). However, § 3583(e) "does not expressly prohibit a court from referencing other relevant factors omitted from the statute," and the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Id.* Thus, "although a district court may not impose a revocation sentence based predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Copeland argues that his revocation sentence is procedurally unreasonable because the district court relied on the impermissible § 3553(a)(2)(A) factors. However, we conclude that the district court made only brief references to these factors. The court discussed Copeland's anger management issues at length, both immediately before pronouncing sentence and in its general discussion with counsel. In contrast, with respect

3

to the § 3553(a)(2)(A) factors, the court made only cursory mention of them. Thus, because the district court did not predominately rely on the § 3553(a)(2)(A) factors in determining Copeland's sentence, we conclude that the sentence is procedurally reasonable.

Next, Copeland contends that the district court committed procedural error when it failed to calculate the advisory range for additional supervised release. He argues that the policy statements in Chapter Seven of the Guidelines are "silent" regarding the calculation of additional supervised release and that the district court must consider the provisions of supervised release for original sentencing in Chapter Five. However, Chapter Seven is not silent; U.S. Sentencing Guidelines Manual § 7B1.3(g)(2), p.s. (2016) states that a court "may" impose an additional term of supervised release upon revocation, not to "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." USSG § 7B1.3(g)(2), p.s.; *see* 18 U.S.C. § 358(h) (2012).

Ultimately, although a court should ideally state the possible range of supervised release it could impose upon a revocation sentence, we conclude that the court was not required to do so under USSG § 7B1.3(g)(2), p.s. In any event, the district court implicitly calculated the maximum term of additional supervised release when it told Copeland that it had the authority to run sentences consecutively even if the term of additional supervised release exceeded "three years." Thus, we conclude that the district

4

court did not err in failing to explicitly state the Guidelines range for additional supervised release.

Finally, Copeland contends that the district court committed procedural error when it failed to explain its reasons for the length of the new term of supervised release. "[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. We conclude that the district court was not required to separately explain its reasons for imposing a particular term of supervised release, and the court adequately explained its overall decision to impose a sentence of 12 months of imprisonment, followed by 24 months of supervised release. Copeland requested an additional year of supervision with six months of home confinement, but the court was highly skeptical that Copeland had made significant progress in becoming a good citizen since his release from prison and since his previous revocation hearing. Furthermore, the court was extremely concerned that Copeland had failed to manage his anger properly despite being given another chance after his first revocation hearing and despite having completed anger management classes.

Ultimately, we conclude that the district court "meaningfully respond[ed] to the parties' nonfrivolous arguments and sufficiently explain[ed] the chosen sentence," thereby "allow[ing] for meaningful appellate review" and "promot[ing] the perception of fair sentencing." *Slappy*, 872 F.3d at 207-08. Because the district court sufficiently

5

explained its overall decision to impose a sentence of 12 months of imprisonment and 24 months of supervised release, we conclude that the sentence is procedurally reasonable. Accordingly, we affirm the district court's revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*